IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EARL G. EDMONDSON,**

    **Plaintiff,**

v.                                         **Civil Action No. 1:11cv179**
                                                          **(Judge Keeley)**

**JAMES SPENCER, Administrator**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Background

On November 14, 2011, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendant pursuant to 42 U.S.C. § 1983. (Doc. 1). On December 7, 2011, the plaintiff filed his complaint on the court-approved form.(Doc. 10). On December 9, 2011, the plaintiff was granted leave to proceed *in forma pauperis*, and on December 19, 2011, he paid the required initial partial filing fee. (Docs. 13, 15). On June 19, 2011, the defendant filed a motion to dismiss. (Doc. 25). On June 21, 2012, a Roseboro Notice was issued. (Doc. 39). On July 6, 2011, the plaintiff filed a response to the defendant's motion to dismiss. (Doc. 43). This case is before the undersigned for a report and recommendation pursuant to LR PL P 2, *et seq*.

### II. Contentions of the Parties

A. The Complaint

In the complaint, the plaintiff asserts that on January 17, 2010, he was arrested and sent to the Northern Regional Jail. While incarcerated, he alleges that he was forced to sleep on a cell floor

with his head next to a toilet bowl. Consequently, the plaintiff alleges that he contracted bacterial pneumonia. For relief, the plaintiff is seeking unspecified monetary damages.

B. The Defendant's Answer

For his answer, the defendant filed a motion to dismiss. In support of his motion, the defendant argues that the complaint should be dismissed because the plaintiff failed to exhaust his administrative remedies. Secondly, if necessary, the defendant reserves the right to assert the affirmative defense of qualified immunity.

C. The Plaintiff's Response to the Motion to Dismiss

In the plaintiff's response to the motion to dismiss, the plaintiff reiterates his argument established in his complaint; primarily failing to provide pre-trial detainees with a bed is unconstitutional. Additionally, the plaintiff claims that he sent grievances that went answered by prison officials.

### III. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the

2

... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (Id). (citations omitted), to one that is "plausible on its face," (Id). at 570, rather than merely "conceivable." (Id). Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. (Id).

## IV. Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a case with respect to prison conditions must first exhaust all available administrative remedies. 42 U.S.C. § 1997e.

3

Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court of the United States has determined that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 532 (2002). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted **prior to** filing a complaint in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration our prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires **full** and **proper** exhaustion." Woodford, 126 S.Ct. At 2387 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. Id. at 2393.

The West Virginia Regional Jail Authority makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a

staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision. If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operations within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

A careful review of the plaintiff's complaint clearly establishes that the plaintiff failed to exhaust his administrative remedies. More specifically, the plaintiff acknowledges that he, at best, completed level 1 by writing to the administrator and requesting that he be moved off the floor.

However, in his response to the defendant's motion to dismiss, the plaintiff alleges that during the period from January 17, 2010, through February 22, 2010, he became more incapacitated with illness and made daily and nightly trips to and from the medical department with low blood pressure and a temperature, which eventually resulted in his transport to the emergency room at the Ohio Valley Medical Center in Wheeling, West Virginia. Importantly, the plaintiff alleges that Supervisor Guard Brian Wright instructed all staff in medical and at the hospital not to allow him to communicate with anyone by any means. Accordingly, the plaintiff maintains that he was unable to obtain grievance forms in an effort to exhaust his administrative remedies. Furthermore, the plaintiff, again in his response, alleges that once he returned to the Northern Regional Jail to serve the balance of his sentence[1], he sent many grievances but they were never answered. Therefore, he maintains that he sent materials to a friend in Wheeling, who subsequently mailed them for him to the Regional Jail Authority, the Division of Corrections, the Governor's office, Office of the Attorney General, and the Supreme Court of Appeals.[2]

      Several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Mitchell v. Horn, 318 F,3d 523, 529 (3rd Cir. 2003)(summary dismissal for failure to exhaust not appropriate where prisoner denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2nd Cir. 2004)(defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed. Appx. 295, 296 (5th Cir. 2003)(remedies are

---

[1] It appears that the plaintiff was a pre-trial detainee at the time of his initial incarceration. It further appears that after his release from the hospital, he may have been placed on home confinement, and then was returned to the Norther Regional Jail following his conviction.

[2] The plaintiff has attached at least some of these materials as exhibits to his response.

effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006)(dismissal for failure to exhaust not appropriate where plaintiff argues that failure to exhaust was direct result of prison's official failure to provide him with the necessary appeal forms).

Because the defendant did not file a reply to the plaintiff's response, he had not addressed the plaintiff's claim that staff hindered his attempts to exhaust administrative remedies by preventing him from communicating with individuals who could have provided him with grievance forms. Nor, has the defendant addressed the plaintiff's claim that grievances went unanswered.

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Therefore the burden is on the defendant to prove not only that the plaintiff failed to exhaust his administrative remedies, but also to refute the plaintiff's allegation that the administrative remedy process was effectively unavailable to him due to the actions or inactions of employees of the Northern Regional Jail. Accordingly, for the reasons outlined above, there is a genuine issue of material fact as to whether or not the plaintiff was prevented from exhausting his administrative remedies, and thus, the undersigned finds that it would be inappropriate to dismiss the plaintiff's claims for failure to exhaust based on the current record.

### V. Recommendation

For the reasons set forth above and based on the record now before the Court, the

undersigned recommends that the defendant's Motion to Dismiss (Doc. 35) be **DENIED without prejudice** and defendant be directed to file his answer to plaintiff's complaint within a time specified by the Court.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: November 26, 2012

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE