IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EARL G. EDMONDSON,**

   **Plaintiff,**

  **v.**          **CIVIL ACTION NO. 1:11cv179**
               **(Judge Keeley)**

**JAMES SPENCER, Administrator,**

   **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On November 14, 2011, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the defendant pursuant to 42 U.S.C. § 1983. Thereafter, the defendant was Ordered to answer, was served, and on June 19, 2012, filed a motion to dismiss asserting that the plaintiff had failed to exhaust his administrative remedies. Following receipt of the plaintiff's response, the undersigned issued a Report and Recommendation in which he recommended that the motion to dismiss be denied and defendant be directed to file his answer to the plaintiff's complaint. No objections were filed, and the Court adopted the Report and Recommendation.

On January 17, 2013, the defendant filed his answer to the complaint (ECF 53). On January 31, 2013, an Order and Notice regarding scheduling was entered. (ECF 57). On July 1, 2013, the defendant filed a Motion for Summary Judgment. (ECF 72). A Roseboro Notice was issued (ECF 75), and on July 17, 2013, the plaintiff filed a Response in opposition. (ECF 81). On July 30, 2013, the defendant filed a Reply. (ECF 83).

## II. The Pleadings

### A. The Complaint

In his complaint, the plaintiff asserts that on January 17, 2010, he was arrested and sent to the Northern Regional Jail. While confined there, the plaintiff alleges that he was forced to sleep on a cell floor with his head next to a toilet bowl. As a result of this sleeping accommodation, the plaintiff alleges that he contracted bacterial pneumonia. For relief, he seeks unspecified monetary damages.

### B. The Defendant's Motion for Summary Judgment

The defendant argues that the plaintiff's complaint should be dismissed because:

1. The evidence or lack thereof which has been produced to date clearly demonstrates that no claim is viable against him;

2. Discovery has revealed that plaintiff's claim against him is based solely on *Respondeat Superior* theory, and this claim must therefore be dismissed as a matter of law; and

3. The plaintiff's complaint should be dismissed due to plaintiff's failure to exhaust administrative remedies during incarceration.

### C. The Plaintiff's Reply

In his reply, the plaintiff appears to argue that counsel for the defendant did not act in good faith with respect to discovery. The plaintiff also states that he was forced to sleep on a thin mattress put on an unsanitary floor. More specifically, the plaintiff indicates that the mattress was no more than two inches thick, the floor was cold, damp concrete, and the floor had not been sanitized. He also alleges that he was placed in segregation in order to "stop his right to any Exhaustion remedies."

**D. The Defendant's Reply**

In his reply to the plaintiff, the defendant asserts again the same three arguments raised in his Motion for Summary Judgment. First, that the facts asserted by the plaintiff do not substantiate a viable Section 1983 claim. Second, that the plaintiff's claim is based upon *Respondeat Superior*. Third, that the plaintiff has not exhausted his administrative remedies

### III. Standard of Review

**A. Summary Judgment**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. V. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. liberty lobby, Inc., 477 U.S. 242, 248 *1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere

3

allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

## IV. Discussion

### A. Exhaustion of Administrative Remedies

As in his original motion to dismiss, the defendant maintains that the plaintiff's complaint must be dismissed because he failed to exhaust his administrative remedies. In his pending motion for summary judgment, the defendant argues that "the plaintiff bears the burden to produce significant probative evidence to support his contention that he has in fact exhausted all administrative remedies, which were available to him." (ECF 72-1, p. 7). For the reasons originally set forth in the undersigned's Report and Recommendation, dated November 26, 2012, and reiterated below, the undersigned finds that the defendant's motion, as it relates to exhaustion, should be denied.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of his Title, or any other federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516, (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.w3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). Accordingly, before the plaintiff may proceed with his claims in this Court, he must have exhausted the administrative remedies **available** to him through the Northern Regional Jail.

As noted in the undersigned Report and Recommendation, dated November 26, 2012, the plaintiff's complaint clearly establishes that the plaintiff failed to exhaust his administrative remedies. More specifically, the plaintiff acknowledges that he, at best, completed level one by writing to the administrator and requesting that he be moved off the floor. However, in response to the defendant's original motion to dismiss, the plaintiff alleged that during the period from January 17, 2010, through February 22, 2010, he became more incapacitated with illness and made daily and nightly trips to and from the medical department with low blood pressure and a temperature, which eventually resulted in his transport to the emergency room at the Ohio Valley Medical Center in Wheeling, West Virginia. Importantly, the plaintiff alleged that Supervisor Guard Brian Wright instructed all staff in medical and at the hospital not to allow him to communicate with anyone by any means. Accordingly, the plaintiff maintained that he was unable to obtain grievance forms in an effort to exhaust his administrative remedies.

5

Several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Mitchell v. Horn, 318 F.3d 523, 529 (3rd Cir. 2003)(summary dismissal for failure to exhaust not appropriate where prisoner denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2nd Cir. 2004)(defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed. Appx. 295, 296 (5th Cir. 2003)(remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006)(dismissal for failure to exhaust not appropriate where plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms).

In Jones v. Bock, 549i U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Therefore, the burden is on the defendant to refute the plaintiff's allegation that the administrative remedy was effectively unavailable to him due to the actions or inactions of employees of the Northern Regional Jail. The defendant has failed to meet this burden by not supplying anything to refute the plaintiff's allegation.[1] Based on the record at this point there are issues of fact which preclude summary

---

[1] Although the defendant has supplied the plaintiff's answers to interrogatories, nothing asked of the plaintiff involved his allegations against Supervisor Guard Brian Wright. Moreover, the defendant has not supplied any affidavits that would refute the plaintiff's allegation against Wright.

judgment. Accordingly, insofar as the defendants argues that he is entitled to summary judgment based on the plaintiff's failure to exhaust his administrative remedies, the same should be denied.

**B. Conditions of Confinement**

In general, the Eighth Amendment prohibits "cruel and unusual punishment." Farmer v. Brennan, 511 U.S. 825 (1994). The cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wilson v. Seiter, 501 U.S. 294 (1991). To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

It must be remembered that "the Constitution does not mandate comfortable prisons" and prisons "cannot be free of discomfort." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Therefore, a deprivation of a basic human need is "only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

To act with a "sufficiently culpable state of mind," a prison official must not only know of the facts leading to the deprivation, but also know that deprivation would expose an inmate to a certain danger. See Oliver v. Powell, 250 F. Supp. 2d 593, 604 (E.D. Va. 2002); See also, DeBlasio v. Johnson, 128 F. Supp. 2d 315, 325 (E.D. Va. 2000). A constitutional violation can be shown if a prison official shows deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 828 (1994).

When the undersigned initially screened this matter, he was under the impression that the

plaintiff was required to sleep on the bare cell floor. However, it is now clear, by his own admission, that the plaintiff was given a mattress that was approximately two inches thick to place on the floor for sleeping. Those facts are not in dispute. Because the plaintiff's only claim is that he became ill from being forced to sleep on a mattress on t he floor, it is clear that he fails to state a claim under § 1983.

In <u>Stauch v. Charleston County Jail</u>[2], an inmate alleged that he incurred pain and suffering as a result of being required to sleep on a mattress on the floor of the jail. The district court construed the complaint as essentially an overcrowding claim and held that overcrowding per se is not a constitutional violation. The Fourth Circuit found that the complaint was that sleeping on the floor, even on a mattress, caused further injury and pain in his back. The Court of Appeals concluded that this allegation, even if true, amounted to a negligence claim not cognizable in a § 1983 action. Here, the plaintiff appears to allege that he contracted pneumonia as the result of having to sleep on a mattress on the floor. Under the reasoning of <u>Stauch</u>, this amounts to a negligence claim which is not cognizable in a § 1983 claim.

Since the undersigned disposes of the claim as a matter of undisputed fact and law relative to the substance of the section 1983 claim, the undersigned does not specifically address defendant's *respondeat superior* claim.

### V. Recommendation

Because the plaintiff's complaint regarding the conditions of his confinement fails to state a claim pursuant to 42 U.S.C. § 1983, the undersigned recommends that the defendant's Motion for

---

[2]51 F.3d 268 (4th Cir. 1995).

Summary Judgment (ECF. 72) be **GRANTED** and the plaintiff's complaint be **DISMISSED** for failure to state a claim. Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: 1/24/2014

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE